# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-18-0048-002-F |
| ) | |
| JONATHAN REYES-GOMEZ, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Jonathan Reyes-Gomez, proceeding *pro se*, has filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines.[1]  Doc. no. 153.  Plaintiff United States of America has responded in opposition to the motion.  Doc. no. 156.  The matter is at issue.

On June 13, 2018, defendant, pursuant to a plea agreement, pleaded guilty to Counts 4 and 7 of the Indictment.  Count 4 charged defendant with distribution of methamphetamine in violation of 21 U.S.C. 841(a)(1) and Count 7 charged defendant with being a drug user in possession of a firearm in violation of 18 U.S.C. § 922(g)(3).

The Probation Office prepared a final presentence investigation report.  Pursuant to U.S.S.G. § 3D1.2(c), it grouped Counts 4 and 7 for guideline calculation

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate.  Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

purposes. For Count 4, the Probation Office calculated a base offense level of 36. Defendant received a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) because he possessed a firearm, specifically a loaded Glock 17 firearm, during the offense of conviction and a two-level enhancement pursuant to U.S.S.G. 2D1.1(b)(12) because the drug trafficking organization, of which defendant was involved, maintained a stash-house for selling and storing drugs, resulting in an adjusted offense level of 40. For Count 7, the Probation Office calculated a base level of 20. Defendant received a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) because he possessed a firearm in connection with other felony offenses, namely, conspiracy to distribute controlled substances and distribution of controlled substances. The Probation Offense applied a cross reference because defendant used or possessed a firearm or ammunition cited in the offense of conviction in connection with the commission or attempted commission of another offense, specifically, the possession and distribution of methamphetamine, which resulted in an adjusted offense level of 40.

With a three-level adjustment pursuant to U.S.S.G. § 3E1.1(b) for acceptance of responsibility, defendant's total offense level was 37.

Based on his lack of criminal history, defendant was assessed a criminal history score of zero, establishing a criminal history category of I. With a total offense level of 37 and a criminal history category of I, defendant's guideline imprisonment range was 210 to 262 months.

At sentencing, the court adopted the presentence investigation report with a change that did not affect the guideline calculation. The court sentenced defendant to a term of imprisonment of 127 months, consisting of 127 months as to Count 4 and 120 months as to Count 7, such terms to be served concurrently with each other. Judgment was entered on December 18, 2018. Defendant did not file a direct appeal.

In his motion, defendant asserts that his sentence should be reduced based upon Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines, effective November 1, 2023, because he received zero criminal history points.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress has provided a few exceptions to this rule. One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. *Id*.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion. *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013). The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the reduction is authorized, the court may consider any applicable 18 U.S.C.§ 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Amended Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 155), the court concludes that defendant is not eligible for a sentence reduction. While defendant has a criminal history score of zero, he does not qualify for an adjustment because he does not satisfy all ten criteria of U.S.S.G. § 4C1.1(a). Specifically, he does not satisfy all ten criteria because he possessed a firearm in

connection with the offenses. *See*, U.S.S.G. § 4C1.1(a)(7) ("[T]he defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense."). Defendant possessed a loaded Glock 17 firearm in connection with his offenses. Because defendant is ineligible for a sentence reduction under Amendment 821, the court finds that defendant's motion should be dismissed.

Accordingly, defendant Jonathan Reyes-Gomez's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines (doc. no. 153) is **DISMISSED**.

IT IS SO ORDERED this 23rd day of October, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0048p024 (J Reyes-Gomez).docx